FILED

2004 FEB 23 P 4: 05

DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADNAN ASIF USMANI and MARGARET POWERS, | : |
| Petitioners | : DOCKET No. 3: 02CV2015 (DJS) |
| vs. | : |
| ETHAN ENZER, IMMIGRATION AND NATURALIZATION SERVICE, ET. AL. | : February 23, 2004 |
| Respondent. | : |

## PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS

The Petitioners Adnan Asif Usmani and his United States citizen wife Margaret Powers hereby submit this memorandum of law in support of their petition for habeas corpus. The Petitioners seek an order of this court reopening the Immigration Court proceedings of the Petitioner Mr. Usmani to afford him an opportunity to apply for lawful permanent residency before an immigration judge.

1

I. <u>Statement of the Facts</u>:

Petitioner Adnan Usmani (hereinafter Usmani) is a native and citizen of Pakistan. He entered the United States on or about September 21, 1991 as a non-immigrant B-2 with authorization to remain in United States until March 20, 1992. Usmani overstayed his legal entry into United States. Thereafter a notice to appear was filed by the then Immigration and Naturalization Service on July 8, 1997 seeking his removal from the United States. On June 22, 1998 an immigration judge granted Usmani voluntary departure to depart the United States at his own expense on or before October 22, 1998. (See Exhibit A attached hereto). Usmani failed to voluntarily depart and the alternative order entered by the immigration judge that he be ordered deported to Pakistan went into effect at the time of Usmani's failure to voluntarily depart on or before October 22, 1998. Therefore, a final order of removal currently is entered against Usmani.

On or about October 22, 1998 (coincidently the same day by which he was to have departed from the United States) Usmani married petitioner Margaret Powers (hereinafter Powers) a United States citizen. The petitioners were married in Providence, Rhode Island. Thereafter Powers filed a petition for alien relative on behalf of her husband. That petition

2

was approved by the United States Department of Justice, the then Immigration and Naturalization Service, on October 30, 2002 after these proceedings had commenced. (See Exhibit B attached hereto). The approval of the immediate relative visa petition places Usmani in a position to file for lawful permanent residency (green card) with the Department of Homeland Security. Because he was previously in removal proceedings his application would have to be heard by an immigration judge. The Department of Homeland Security has taken the position that by operation of law Mr. Usmani is ineligible to adjust status "for a period of 10 years" under the Immigration and Nationality Act citing 8 USC Section 1229c. As a result, the Department of Homeland Security has refused and failed to join in a motion to reopen the Immigration Court proceedings to allow Usmani and Powers to seek Usmani's adjustment of status before the Immigration Court. The position of the Department of Homeland Security is set forth in correspondence dated June 26, 2003 and November 14, 2003 attached as Exhibit C. Usmani and Powers seek an order of this Court directing the Department of Homeland Security to afford Usmani an opportunity to adjust status before the Immigration Court in reopened proceedings thereby affording the Immigration Court the opportunity to exercise its discretion to grant Usmani lawful permanent residency. The Department's failure and refusal to consent to reopening the

3

proceedings is based upon an error of law.

    2. <u>Legal Argument</u>:

There is no question that at the moment a final order of removal has entered as to Usmani. The Immigration Court entered an order on June 22, 1998 affording Usmani the benefit of voluntary departure; a benefit under which an alien is allowed to depart and to pay for his own departure from the United States. Here Usmani was ordered to voluntarily depart on or before October 22, 1998. At the time of that order however, the law required the Immigration Court in issuing an order granting voluntary departure also as part of the order "inform the alien of the penalties under this subsection." See 8 U.S.C. Section 1229c.

The Immigration and Nationality Act provides an individual an opportunity to apply for voluntary departure at the conclusion of Immigration Court proceedings if they demonstrate their eligibility. That statute also provides for certain consequences to the individual should they fail to depart as ordered. That section of the law states as follows:

> "if an alien is permitted to depart voluntarily under this section and fails voluntarily to depart the United States within the time period specified, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5000 and being ineligible for a period of 10 years for any further relief under this Section and

4

>Sections 240A, 245, 248, and 249. <u>The order permitting the alien to depart voluntarily shall inform the alien of the penalties under this subsection.</u>

8 U.S.C. Section 1229c(d) It is the petitioners' position that in this case the specific order of the immigration judge failed to comply with the mandatory notice provision of the statute and therefore the penalties do not apply to Usmani who would be seeking adjustment of status under Section 245 of the law. The order of the immigration judge as set forth in Exhibit A did not set forth those limitations. However, Usmani must concede that he was given a written statement called "Limitations on discretionary relief for failure to appear" (See Exhibit D attached hereto) However that document was not signed by the immigration judge and therefore was not part of the "order" granting voluntary departure. As an examination of that document reveals it was simply signed by the Court Clerk and not the judicial authority. (Note there is a signature line for the immigration judge to sign but it was not signed in this case, See Exhibit D)

    It is the petitioners's position that since the order of voluntary departure failed to comply with the literal meaning of the statute then under the specific facts of this case the bar to applying for lawful permanent residency as set forth in that section of law does not apply. As evidenced by the Department of Homeland Security's position

in this case it is based upon their belief that there is a statutory prohibition to Mr. Usmani filing and as a result of that the Department has refused and failed to join in a motion to reopen to be presented to the Immigration Court. Here the language of the statute is in mandatory terms. See *Matter of Arguelles*, 22 I & N Dec.. 811, 818 (BIA 1999). Petitioners have found no case law interpreting Section 1229c and the language regarding advisement of the consequences of failure to depart. However, the Board of Immigration Appeals as cited above has recognized that the language of the statute is mandatory in nature and the use of the word "shall" in conjunction with the word "order" is a reference to an order of the court. Here it is clear that the immigration judge although afforded a place to sign the order did not. Therefore it is Petitioners' position that no order advising Usmani of the consequences of his act in failing to depart became a part of an immigration judge order. As a result he should not be statutorily barred from filing for lawful permanent residency under Section 245 of the Immigration and Nationality Act for the penalty period of 10 years. Once that statutory prohibition is lifted he is eligible to file for adjustment of status before the Immigration Court if the proceedings are reopened.

    Where the language of a statute is clear on its face, there in no need to inquire into Congressional intent. *INS v. Phinpathya*, 464 U.S. 183 (1984); *Shaar v. INS*, 141 F. 3d 953,

6

956 (9th Cir. 1998) Here the plain meaning of the statute is that the Court as part of its order give the advisal of rights, not a court clerk and no administrative staff. As cited above the statute says the "order" "shall" inform the alien of the penalties under the subsection. Therefore the language of the statute could not be more explicit. Here there wa no compliance with that Congressional plain meaning in the order of voluntary departure that was entered in Usmani's case.

In addition, it has long been held that statutes relating to deportation and removal must be narrowly construed in favor of the alien. See *INS v. St. Cyr*, 121 S. Ct. 2271, 2290 (2001); *Fong Haw Tan v. Phelan*, 333 U.S. 6 (1948) and *INS V. Errico*, 385 U.S. 214, 225 (1996) (applying rule to provisions relating to relief) Following these principals of law Usmani should receive the lenity of statutory construction and this Court should hold that the legally deficient notice given to Usmani failed as a matter of law to comply with the mandate of the statute. Therefore since the proper order of notice of the consequences of failure to depart were not given, Usmani should be afforded the opportunity to present his adjustment of status case to the Immigration Court on reopened proceedings. The statutory bar to adjustment of status where proper orders of notice are given is therefore not binding and controlling in the Usmani case.

The Department of Homeland Security under its former legacy Immigration and Naturalization Service has issued guidelines for motions to reopen for consideration of adjustment of status. Those guidelines in the form of a memorandum for regional counsel set forth three basic factors that would authorize the joining of a motion to reopen a final order of removal. Those factors included the following: 1. If such adjustment of status was not available to the respondent at the former hearing; 2. The alien is statutorily eligible for adjustment of status; 3. The respondent the alien merits a favorable exercise of discretion. (See memorandum for regional counsel for distribution to district and sector counsel subject: motions to reopen for consideration of adjustment of status dated May 17, 2001 attached Exhibit E). Here it is clear that Usmani should warrant consideration as he can comply with all three requirements. First and foremost, at the time of the order of the Count in June of 1998 adjustment of status was not available to him. That did not occur until his wife Margaret Powers and he were married on October 22, 1998 and her petition for immediate relative was granted on October 30, 2002. Second, there is under Petitioners' legal argument no statutory bar to his eligibility to adjust status and he is otherwise statutorily eligible for adjustment of status. Finally the respondent merits a favorable exercise of discretion in light of all of the circumstances that

8

can be presented to the Immigration Court. The one and only negative factor that would be considered in his case is Mr. Usmani's failure to depart under the order of voluntary departure. There is no record of criminal activity, security risk, terrorist activity or any other debilitating discretionary factors that would bar a favorable exercise of discretion.

In fact in cases like these where matters reopened, the Department of Homeland Security routinely reserves its right to challenge or object to the immigration judge's actual granting of adjustment of status but the reopening simply affords someone in Mr. Usmani's position the ability to present their application to the Court.

3. Conclusion:

It is clear that if the statutory prohibition to Mr. Usmani seeking adjustment of status remains in place then he has no relief available from this Court. However, Petitioners respectfully present to the Court a situation in which strict adherence to the rules and law applicable in Usmani's removal proceeding were not complied with by the order of the Immigration Court. Therefore, since the order of voluntary departure did not as part of that order advise Mr. Usmani of the penalties and ineligibility consequences of his failure to depart then there is no statutory bar. Therefore the Petitioners respectfully request their petition for habeas corpus be granted and the Court enter an order that the

9

Department of Homeland Security afford the Petitioner Usmani a hearing before an immigration judge on his application for adjustment of status based upon his approved visa petition by the Petitioner Margaret Powers his United States citizen wife.

RESPECTFULLY SUBMITTED
PETITIONERS
ADAN ASIF USMANI and
MARGARET POWERS

BY James E. Swaine, Their Attorney
18 Trumbull Street
New Haven, CT 06511
Federal Bar CT02793

10

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of: ADNAN ASIF USMAN,  Case No.: A 72 240 156

Docket: Hartford, Conn

RESPONDENT       IN ~~DEPORTATION~~ PROCEEDINGS
                 Removal

## ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the respondent is deportable on the charge(s) in the Order to Show Cause. The respondent has made application solely for voluntary departure in lieu of deportation. NTA

It is HEREBY ORDERED that the respondent be GRANTED voluntary departure in lieu of deportation, without expense to the Government on or before 10/22/98 or any extensions as may be granted by the District Director, Immigration and Naturalization Service, and under whatever conditions the District Director may direct.

It is FURTHER ORDERED that if respondent fails to depart as required, the above order shall be withdrawn without further notice or proceedings and the following order shall thereupon become immediately effective: respondent shall be deported to PAKISTAN on the charge(s) in the Order to Show Cause. NTA

It is FURTHER ORDERED that if the aforenamed country advises the Attorney General that it is unwilling to accept the respondent into its territory, or fails to advise the Attorney General within three months following original inquiry whether it will or will not accept respondent into its territory, the respondent shall be deported to

_____

Waived

Immigration Judge

Date: 6-22-98

Form EOIR - 6
REV. - MAR. 93

Exh. 7

**UNITED STATES DEPARTMENT OF JUSTICE**
IMMIGRATION AND NATURALIZATION SERVICE

## NOTICE OF APPROVAL OF RELATIVE IMMIGRANT VISA PETITION

NAME AND ADDRESS OF PETITIONER

Margaret Powers
c/o Attorney James E Swaine
18 Trumbull St,
New Haven, CT
06511)

NAME OF BENEFICIARY: A. Usmani
CLASSIFICATION: 201(b)
FILE NO: A72 240156
DATE PETITION FILED: 10·30·2002
DATE OF APPROVAL OF PETITION:

DATE:

The visa petition you filed has been approved. The beneficiary for whom you filed has been given the appropriate classification. Note the approval gives no assurance that the beneficiary will automatically be found eligible for visa issuance, admission to the United States or adjustment to lawful permanent resident status. Whether the beneficiary gets a visa is decided only when an application is made to a consular officer; whether the beneficiary is admitted or adjusts status in the United States is decided only when an application is made to an immigration officer.

1. [X] YOUR PETITION TO CLASSIFY THE BENEFICIARY AS AN IMMEDIATE RELATIVE OF A UNITED STATES CITIZEN HAS BEEN FORWARDED TO THE UNITED STATES ~~CONSULATE AT~~ _Immigration Court_. THIS COMPLETES ALL ACTION BY THIS SERVICE ON THE PETITION. THE UNITED STATES CONSULATE, WHICH IS PART OF THE DEPARTMENT OF STATE, WILL CONTACT THE BENEFICIARY AND GIVE INSTRUCTIONS ABOUT GETTING A VISA. QUESTIONS ABOUT GETTING A VISA SHOULD BE MADE TO THE UNITED STATES CONSUL.

2. [ ] IF YOU BECOME A NATURALIZED CITIZEN OF THE UNITED STATES AND AN IMMIGRANT VISA HAS NOT YET BEEN ISSUED TO THE BENEFICIARY, NOTIFY THIS OFFICE IMMEDIATELY, GIVING THE DATE OF YOUR NATURALIZATION. IF THE PETITION WAS IN BEHALF OF YOUR SON OR DAUGHTER, PLEASE ADVISE WHETHER THAT PERSON IS STILL UNMARRIED. THIS INFORMATION MAY BE HELPFUL TO THE BENEFICIARY IN GETTING A VISA FASTER.

3. [ ] YOUR PETITION FOR PREFERENCE CLASSIFICATION HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT _____. THIS COMPLETES ALL ACTION BY THE SERVICE. THIS SERVICE DOES NOT ISSUE VISAS IN OTHER COUNTRIES. VISAS ARE ISSUED ONLY BY UNITED STATES CONSULS WHO ARE EMPLOYEES OF THE UNITED STATES DEPARTMENT OF STATE. WHEN THE BENEFICIARY'S TURN IS REACHED ON THE VISA WAITING LIST, THE UNITED STATES CONSUL WILL CONTACT THE BENEFICIARY AND GIVE INSTRUCTIONS ABOUT GETTING A VISA. VISAS ARE ISSUED ACCORDING TO THE DATE THE PETITION WAS FILED. QUESTIONS ABOUT GETTING A VISA SHOULD BE ADDRESSED TO THE UNITED STATES CONSUL.

4. [ ] YOUR PETITION SAYS THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. THE ENCLOSED APPLICATION (FORM I-485) SHOULD BE COMPLETED AND SUBMITTED BY THE BENEFICIARY WITHIN 30 DAYS. (IF THE BENEFICIARY PREVIOUSLY SUBMITTED SUCH AN APPLICATION AND HAD IT RETURNED, IT SHOULD BE RESUBMITTED WITHIN 30 DAYS.)

5. [ ] THE BENEFICIARY WILL BE INFORMED OF THE DECISION MADE ON THE PENDING APPLICATION TO BECOME A LAWFUL PERMANENT RESIDENT.

6. [ ] THE PETITION SAYS THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. THE BENEFICIARY MAY NOT APPLY TO BECOME A PERMANENT RESIDENT, HOWEVER, UNTIL A VISA NUMBER IS AVAILABLE. INFORMATION ABOUT VISA NUMBERS MAY BE OBTAINED FROM THE UNITED STATES DEPARTMENT OF STATE, BUREAU OF CONSULAR AFFAIRS, WASHINGTON, D.C.

7. [ ] ORIGINAL DOCUMENTS SUBMITTED IN SUPPORT OF YOUR PETITION UNACCOMPANIED BY COPIES HAVE BEEN MADE A PERMANENT PART OF THE PETITION. ANY OTHERS ARE BEING RETURNED WITH THIS FORM.

8. [X] REMARKS.

Approved I-130 in file.

VERY TRULY YOURS,
Denis C. Riordan
Acting DISTRICT DIRECTOR

Form I-171
(REV. 3/4/82) Y

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

JUN 30 2003

*Office of the District Counsel*

*Ribicoff Federal Building*
*450 Main Street, Room 483*
*Hartford, Connecticut 06103*

June 26, 2003

Mr. James E. Swain, Esq.
18 Trumball Street
New Haven, CT 06511

Re: USMANI (A 72 240 156)

Dear Mr. Swain:

This letter responds to your previous request to consider joining you in a motion to re-open your client's removal proceedings in order for him adjust his status based on his marriage to a United States citizen.

As you are aware, I was the attorney representing the government at the removal hearing in 1998 when your client agreed to depart voluntarily in lieu of being removed. This immigration benefit was provided your client despite the fact that he had filed a frivolous asylum application. Unfortunately, he failed to carry out that agreement and Immigration and Customs Enforcement (ICE) was forced to conduct a fugitive operation to locate and apprehend him.

On May 14, 2003 the Bureau of Citizenship Services (BCIS) approved a Petition for Alien Relative filed on behalf of your client. However, the BCIS cannot adjudicate any petition to adjust your client's status as he is statutorily barred from adjustment. Neither the BCIS nor ICE has the authority to disregard the Immigration and Nationality Act (INA) in this case.

Pursuant to 8 U.S.C. § 1229(c) "if an alien is permitted to depart voluntarily under this section and fails to depart...the alien will be subject to a civil penalty of not less than $1,000 and not more than $5,000 **and be ineligible for a period of 10 years for any further relief under this sections 240A, 245, 248, and 249.**" Accordingly, your client's status cannot be adjusted under § 245 of the INA until October 22, 2008. Furthermore, the BCIS cannot adjudicate an application to adjust status for an alien who seeks to adjust status based on a marriage on or after November 10, 1986 and while the alien was in removal proceedings. See 8 C.F.R. § 245.1(c)(9)("aliens ineligible to adjust").

Assuming arguendo that the ICE could disregard the law and agree to re-open the proceedings, the ICE declines to do so on discretionary grounds. This decision is made after having reviewed all of the evidence introduced at the bond hearing held on April 30, 2003.

In conclusion, the BCIS cannot adjudicate any application to adjust your client's status under § 245 of the INA. The ICE cannot agree to re-open proceedings where your client is not statutorily eligible for relief and does not merit a favorable act of discretion.

Please accept this letter as official notification from the BCIS and ICE that any I-485 (Application to Adjust Status) that may have been previously filed is denied. Accordingly, any future applications filed before October 22, 2008 would also have to be denied for the same reason.

Respectfully,

John Marley
Assistant District Counsel

cc: Mr. Douglas Moribito, Esq.,
    Assistant United States Attorney
    United States Attorney for the District Connecticut
    157 Church Street
    New Haven, CT 06510



U.S. Immigration and
Customs Enforcement

Office of the Chief Counsel

U.S. Department of Homeland Security
450 Main Street, Room 483
AA Ribicoff Building
Hartford, Connecticut 06103

NOV 14 2003

Mr. James E. Swain, Esq.
18 Trumball Street
New Haven, CT 06511

Re: USMANI (A 72 240 156)

Dear Mr. Swain:

Mr. Douglas Moribito, the Assistant United States Attorney representing our office in this matter has asked me to contact you concerning our previous correspondence dated June 23, 2003. In that previous communication we set out our legal position regarding your client's eligibility for relief from removal, as well as our opposition to re-opening the immigration proceedings in this case.

After carefully considering both the facts and law, we stand by our previous opposition to re-opening the immigration proceedings. Although the Bureau of Citizenship Services (BCIS) has approved a Petition for Alien Relative filed on behalf of your client, we still believe that the BCIS cannot adjudicate any petition to adjust your client's status as he is statutorily barred from adjustment of status for a time period set by law.

Please accept this letter as our final determination on this matter.

Respectfully,

John P. Marley
Assistant Chief Counsel

cc: Mr. Douglas Moribito, Esq.,
    Assistant United States Attorney
    United States Attorney for the District of Connecticut
    157 Church Street
    New Haven, CT 06510

www.dhs.gov

Alien Number: 72-240-156                    Alien Name: USMANI, ADNAN ASIF

### LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, below) for a period of ten (10) years after the date of entry of the final order of removal.

2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, below) for a period of ten (10) years from the date of your scheduled hearing.

3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date other than because of exceptional circumstances beyond your control** will result in your being ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, below) for ten (10) years from the date of the scheduled departure or the date of unlawful reentry, respectively. Your voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

4. An order of removal has been entered against you. If you fail to appear pursuant to a final order of removal at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control** you will not be eligible for certain forms of relief under the Immigration and Nationality Act (see Section A, below) for ten (10) years after the date you are scheduled to appear.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
   1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
   2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
   3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.

Date: Jun 22, 1998
Immigration Judge: _____ or Court Clerk: _____

### CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [X] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [X] INS
DATE: 6/22/98    BY: COURT STAFF _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other

Handwritten annotations: "120 days vol. dep. 10/22/98"; "Exh. 8"

Appendix I



U.S. Department of Justice
Immigration and Naturalization Service

HQCOU 90/16.22.1

Office of the General Counsel

425 I Street NW
Washington, DC 20536

MAY 17 2001

MEMORANDUM FOR REGIONAL COUNSEL
              FOR DISTRIBUTION TO DISTRICT AND SECTOR COUNSEL

FROM:     Bo Cooper
          General Counsel

SUBJECT:  Motions to Reopen for Consideration of Adjustment of Status

In a memorandum dated December 23, 1997, this office reaffirmed a prerequisite standard of "extraordinary and compelling circumstances" in order to obtain INS concurrence in general motions to reopen. This office has determined that applying the "exceptional and compelling circumstances" standard to motions to reopen for consideration of adjustment of status, will no longer advance significant law enforcement objectives.[1] **The INS may join in a motion to reopen (or a motion to the BIA to remand) for consideration of adjustment of status pursuant to INA § 245 if such adjustment of status was not available to the respondent at the former hearing, the alien is statutorily eligible for adjustment of status, and the respondent merits a favorable exercise of discretion.**

To request INS consent to file a motion to reopen with an Immigration Court or the Board of Immigration Appeals, respondent's representative must contact the District Counsel's Office that represented the INS during the respondent's immigration proceedings. Such a request must be in writing and supported by affidavits or other evidentiary material establishing proof of current eligibility for adjustment, to include, if applicable, a complete copy of the adjustment application, and visa petition approval. The motion should include a stipulation that

---

[1] This standard had been set to comport with the congressional mandate contained in §545(d) of IMMACT 90 regarding motions to reopen. The mandate appeared to have been directed at preventing an alien from accruing time after a final order and then seeking suspension or 212(c) relief. (EOIR's regulations implementing the language became final in 1996). While post-order adjustment applications did not appear to be the real target of the measure, the wording covered them as well; and, this office took a narrow approach. Given changes to the INA such as the "stop-time rule" in INA § 240(A)(d) and repeated amendments to §245(i), an amendment to our guidance as it relates to adjustment of status and motions to reopen is warranted.

Appendix I, continued

Memorandum for Regional Counsel                                          Page 2
Subject: Motions to Reopen for Consideration of Adjustment of Status

the INS may still contest the merits of the respondent's case in a reopened proceeding. Where appropriate, the District Counsel's Office may request that revisions to the joint motion be made as a precondition for giving its consent. INS counsel should reply to requests for joint motions to reopen in a timely manner.

**Statutory Bars**

Obviously, INS counsel may not join in a motion to reopen if an alien is ineligible for adjustment due to any applicable statutory bars such as those due to overstaying a grant of voluntary departure (See INA §240B[d][2000]; §242B[e][2][1996]) or an *in absentia* order (See §240[b][5][2000]; §242B[c][1996]).

Under INA§240B(d)(2000) an alien in removal proceedings who is permitted to voluntarily depart and who fails to do so is ineligible to adjust status for a ten-year period. Under §242B(e)(2)(1996) an alien in deportation proceedings who is permitted to depart the United States voluntarily pursuant to §244(e)(1) and who remains in the United States beyond the scheduled departure date, other than due to exceptional circumstances, is not eligible to adjust status under Section 245 of the Act for a period of five years after the scheduled departure date. See INA §242B(e)(2)(A), (5)(C)(1996). This restriction, however, only applies where the Attorney General provides the alien with written notice in English and Spanish, and with oral notice, in the alien's native language or in another language that the alien understands, of the consequences of remaining in the United States after the scheduled departure date. In pre-§242B deportation cases and in cases in which the requisite written and oral warnings were not administered, failure to depart the United States in accordance with a voluntary departure order does not act as a statutory bar to relief but does constitute a negative discretionary factor.

Any alien subject to a deportation or removal order issued *in absentia* will be subject to five and ten-year bars, respectively, where she cannot establish exceptional circumstances for her failure to appear at her scheduled hearing. See INA§240(b)(5)(2000); § 242B(c)(1996); Matter of M-S-, Int. Dec. 3369. This bar, however, will not apply where a deportation order was issued under section 242B(c)(1) of the Act unless the Attorney General provided the alien with written notice in English and in Spanish, and with oral notice, in the alien's native language or in another language that the alien understands, of the consequences of failing to appear for a scheduled hearing. INA §242B(c)(1)(1996). In removal proceedings, the bar will not apply unless written notice of the consequences of one's failure to appear was provided in writing to the alien or her counsel of record. Id. §240(b)(5)(A)(2000).

**Discretion**

Factors to be considered in determining whether a favorable exercise of discretion is warranted should include but are not limited to (1) the hardship to the alien and/or her USC or LPR family members if the alien were required to procure a visa through consular processing (including the potential applicability of section 212(a)(9) should the alien depart the United

Appendix I, continued

Memorandum for Regional Counsel
Subject: Motions to Reopen for Consideration of Adjustment of Status                Page 3

States); (2) the alien's criminal history, if any; (3) the number and severity of the immigration violations (a deportation or removal order resulting from a failure to depart after a grant of voluntary departure being a weighty negative factor); (4) whether the alien has cooperated with, or his continued presence in the United States is desired for, a criminal or civil investigation or prosecution conducted by any law enforcement agency; and (5) whether the alien's removal is consistent with INS objectives. When novel or otherwise sensitive issues are presented, consult with Regional Counsel.

In general, if a decision is made to join in a motion to reopen for consideration of adjustment of status, and if INS counsel is confident that the INS would approve the I-485, the joint motion to the Immigration Judge should simultaneously propose a "remand" of proceedings to the INS for adjudication of the adjustment application using Form I-471 (attached) or such similar procedures as exist locally. Any such "remand" or "joint motion to terminate" should contain a stipulation, (as contained in Form I-471) that the termination is conditioned upon approval of the I-485.

An increase in requests regarding motions to reopen based on alleged eligibility for adjustment of status under Section 245(i) is expected. The Legal Immigration Family Equity Act Amendments (LIFE) Pub. L. 106-554 (Dec. 21, 2000) amended Section 245(i), changing the date by which an alien must file a qualifying immigrant visa petition or application for labor certification to April 30, 2001.[2] LIFE also added a new 245(i) eligibility requirement: If the qualifying petition or application was filed after January 14, 1998 the alien must have been physically present in the United States on December 21, 2000. On March 26, 2001, new 245(i) regulations were published as an interim rule with request for comments.

This memorandum is intended solely for the guidance of INS personnel in performing their duties. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or manner.

Further information on motions to reopen, §245(i), and LIFE can be found on Docushare (E.g., go to "General Counsel" and then "Examinations Division"), on the cc: mail bulletin board under "LIFE Act," and at the INS Website (www.ins.gov).

Attachment (1)

---

[2] Several bills have been introduced which would extend the sunset date. If an extension occurs, this memo should be read to encompass any such extension.