```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


ADNAN ASIF USMANI and MARGARET    :
POWERS,                           :
                                  :
     Petitioners,                 :
                                  :
v.                                :     No. 3:02CV2015(DJS)
                                  :
ETHAN ENZER, Acting Officer in    :
Charge Immigration and            :
Naturalization Service,           :
                                  :
     Respondent.                  :
```

## MEMORANDUM OF DECISION

Adnan Asif Usmani and Margaret Powers initiated this lawsuit on November 14, 2002, seeking relief from the Immigration and Naturalization Service's final order of removal entered on June 22, 1998.[1]  Usmani (hereinafter "petitioner") and Ms. Powers sought injunctive relief against the respondent, which the court granted in two forms: (1) an order dated November 22, 2002 prohibiting respondent from removing petitioner from the United States; and (2) an order dated April 10, 2003 requiring respondents to hold an individualized bond hearing.  Having now considered the papers submitted in support and in opposition to the petition, Usmani's petition is **DISMISSED**.

---

[1] The INS no longer exists because its functions have been delegated to the Department of Homeland Security ("DHS") and the Department of Justice.  The Government does not allege that the named respondents are not proper respondents despite the restructuring.

## **FACTS**

Usmani is a native and citizen of Pakistan. Usmani was admitted to the United States on or about September 21, 1991 as a nonimmigrant B-2 with authorization to remain in the United States until March 20, 1992. Usmani remained in the United States beyond that date, and the INS initiated removal proceedings against him by order to show cause dated July 8, 1997. On June 22, 1998, an Immigration Judge found Usmani removable, and granted Usmani's request for leave to voluntarily depart the United States on or before October 22, 1998. Usmani remained in the United States beyond October 22, 1998, and married Ms. Powers, who is a United States citizen, on October 22, 1998.

On October 17, 2002, the INS took Mr. Usmani into custody for the purpose of executing the June 22, 1998 final order of removal. On October 30, 2002, Ms. Powers filed a Petition for Alien Relative (Form I-130) to obtain a visa for Usmani. That petition was approved by the Department of Justice. Because Usmani is subject to a final order of removal, the DHS Bureau of Citizenship and Immigration Services, which now has responsibility for processing Ms. Powers's application, does not have the authority to adjust Usmani's status pursuant to the visa. Usmani must therefore turn to the immigration court for relief from his final order of removal.

At the prompting of the court, the parties have endeavored to resolve their differences through the administrative process. A stalemate, however, has developed because DHS has declined to join a motion, addressed to the immigration court, to reopen Usmani's removal proceedings for the purpose of adjusting his status commensurate with his alien-relative visa.  DHS contends that reopening removal proceedings would be futile because Usmani is barred from seeking adjustment of status or reentering the United States for a period of ten years.  Usmani now asks the court to hold that the final order of removal against him was entered in violation of the law, which would then allow him to apply for an adjustment of status before the immigration court on remand.

## DISCUSSION

Usmani, who is currently subject to a final order of removal, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The court has jurisdiction to hear his petition.  See I.N.S. v. St. Cyr, 533 U.S. 289, 315 (2001) (holding that jurisdiction to hear petitions under 28 U.S.C. § 2241 survived reforms to the Immigration and Naturalization Act); Liu v. I.N.S., 293 F.3d 36, 41 (2d Cir. 2002) (holding that the court has jurisdiction under 28 U.S.C. § 2241 to hear petitions filed by non-criminal aliens).  Usmani argues that the immigration judge did not provide proper notice of the penalties

for failing to voluntarily depart the United States within the time afforded by the immigration judge.  Specifically, Usmani claims that notice of the penalties did not come directly from the immigration judge, but rather came from the immigration court, in violation of 8 U.S.C. § 1229c(d).  Usmani requests that the court order the DOJ to reopen his removal proceeding to allow him to pursue his alien-relative visa before the immigration court.

The court lacks the authority to hear the merits of Usmani's petition.  Because Usmani waived his right to appeal the final order of removal against him, he cannot exhaust his administrative remedies.  Usmani admits that he waived his right to administratively appeal the final order of removal entered against him, and, therefore, any appeal of this final order of removal would be "without effect."  Theodoropoulos v. I.N.S., 358 F.3d 162, 168 (2d Cir. 2004).  The Court of Appeals for the Second Circuit has held that, "by its plain language, [8 U.S.C.] § 1252(d)'s mandate that unless a petitioner 'has exhausted all administrative remedies available,' a 'court may [not] review a final order of removal,' 18 U.S.C. § 1252(d), applies to all forms of review including habeas corpus."  Theodoropoulos, 358 F.3d at 171.  As a result, this court lacks the authority to reach the merits of Usmani's petition.

## **CONCLUSION**

For the reasons set forth herein, Usmani's petition is **DISMISSED** in its entirety.  Because, however, the law regarding exceptions to the statutory administrative exhaustion requirement is still developing, a certificate of appealability shall issue on the question of whether this court lacked jurisdiction to reach the merits of his petition as a result of applying Theodoropoulos v. I.N.S., 358 F.3d 162, 168 (2d Cir. 2004).  All orders entered by this court shall remain in effect for thirty (30) days after this order is signed.  The Clerk of the Court shall close this file.

So ordered this 20th day of January, 2005.


**/s/DJS**
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**