FILED

2005 FEB 14 A 11: 25

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADNAN ASIF USMANI and MARGARET POWERS, | : | |
| Petitioners | : | |
| vs. | : | DOCKET No. 3: 02CV2015 (DJS) |
| ETHAN ENZER, Acting Officer in charge Immigration and Naturalization Service, | : | February 11, 2005 |
| Respondent. | : | |

## MOTION FOR STAY PENDING APPEAL

The Petitioners Adnan Usmani and Margaret Powers hereby move pursuant to Rule 8 the Rules of Federal Rules of Appellate Procedure for a stay of the judgment and order of the District Court pending appeal. A judgment entered dismissing this case on January 20, 2005. The Petitioners have filed a Notice of Appeal pursuant to the rules of appellate procedure with United States District Court for the District of Connecticut. The

1

Petitioners will seek to appeal the judgment of the United States District Court dismissing their Petition for Writ of Habeas corpus on the finding of the Court of a lack of jurisdiction due to the failure of the Petitioners to exhaust their administrative remedies before the Board of Immigration Appeals.

The Court had previously ordered a stay of the deportation of the Petitioner Adnan Usmani and ordered a bond hearing before the Immigration Court which set terms and conditions of his release during the pendency of the District Court proceeding. (Mr. Usmani is presently free on a $50,000 cash bond) In its judgment dismissing the case the District Court kept in place all orders previously issued including those referenced above for a period of 30 days. The Petitioners now seek an extension of those orders by the granting of a stay by the District Court allowing the Petitioner Adnan Usmani to remain in the United States during the pendency of his appeal to the United States Court of Appeals for the $ecibd Circuit. This motion is based upon the following:

1. The Petitioners Adnan Usmani and his United States citizen spouse Margaret Powers filed a Petition for Writ of Habeas Corpus challenging the order of the United States Immigration Court, Executive Office of Immigration Review, Hartford, Connecticut which had become a final order of deportation. The Court granted a stay barring the Department

of Homeland Security from removing Mr. Usmani, a citizen of Parkistan, from the United States during the pendency of the Petition for Writ of Habeas Corpus . In addition, the Court set conditions of Mr. Usmani's release during the pendency of said case.

    2. The Petitioner Margaret Powers as a United States citizen has an approved alien relative petition for her husband which was the basis of the parties seeking to challenge the legality of the order of the Immigration Court in this case.

    3. This Court entered an order dismissing Writ of Habeas Corpus on January 20, 2005. The basis of the Court's order was a finding that the Court lacks jurisdiction as the Petitioners had not satisfied the exhaustion of the administrative remedies in this case. In the court's order dismissing the case the Court issued a certificate of appealability and an additional extension of all orders of the Court for 30 days.

    4. The Petitioners would be irreparably harmed if this Court does not maintain its orders by entering a stay of removal and continuing the order for conditions of release for Mr. Usmani during the pendency of their appeal to the United States Court of Appeals. If Mr. Usmani is actually deported his appeal will be rendered moot thereby negating any efforts by him to seek judicial review of this Court's order.

5. The Petitioners are appealing the decision of the Court and will seek review on the issue of exhaustion of administrative remedies given the specific facts of Mr. Usmani's case. The Petitioners will be arguing, *inter alia,* that the exhaustion doctrine does not apply in these circumstances and in the alternative that if it does their case falls within the exceptions recognized by the Second Circuit Court of Appeals in Theodoropoulos vs INS 358 F. 3d 162,173 (2d Cir. 2004), See also Booth vs Churmer 532 U.S. 731, 741 (2001) and Manero Pichardo vs Ashcroft 374 F. 3d 46, 53 (2d Cir. 2004). Based upon the cases referenced above Petitioners believe they have a valid appeal and have raised serious questions of law.

6. Maintenance of the status quo will bring no harm or prejudice to the Department of Homeland Security pending final resolution of these legal claims.

4

RESPECTFULLY SUBMITTED

PETITIONERS
ADANAN ASIF USMANI and
MARGARET POWERS

BY: James E. Swaine, their Attorney
18 Trumbull Street
New Haven, CT 06511
Federal Bar  CT02793

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid this 11`th` of February, 2005 to Assistant United States Attorney Douglas Morabito, Office of United States Attorney, 157 Church Street, New Haven, CT 06510.

James E. Swaine
Petitioners' Counsel of Record

5