

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER
AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY
OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY
OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED
CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES
JUDICATA.

At a stated term of the United States Court of Appeals for
the Second Circuit, held at the Thurgood Marshall United States
Courthouse, at Foley Square, in the City of New York, on the 14th
day of June, two thousand and six.

PRESENT:

        Hon. John M. Walker, Jr.,
                    Chief Judge,
    Hon. Jon O. Newman
    Hon. Sonia Sotomayor,
                    Circuit Judges.

-----------------------------------------------X

ADNAN ASIF USMANI and MARGARET POWERS,

            Petitioners-Appellants,

                        v.                          05-0965

IMMIGRATION AND NATURALIZATION SERVICE,
ACTING OFFICER IN CHARGE ETHAN ENZER,

            Respondents-Appellees.

-----------------------------------------------X

APPEARING FOR PETITIONERS:   JAMES E. SWAINE (Kristen
                             Zaehringer, Intern, on the brief),
                             New Haven, Connecticut.

APPEARING FOR RESPONDENTS:   DOUGLAS P. MORABITO, Assistant
                             United States Attorney (Kevin J.
                             O'Connor, United States Attorney

1  for the District of Connecticut,
2  Sandra S. Glover, Assistant United
3  States Attorney, and Davon Collins,
4  Intern, <u>on the brief</u>), New Haven,
5  Connecticut.

6  Appeal from the United States District Court for the
7  District of Connecticut.

8  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the
9  petition for habeas corpus is converted to a petition for review
10  and is **DENIED**.

11  Petitioners Adnan Asif Usmani and Margaret Powers appeal
12  from the district court's January 20, 2005, judgment dismissing
13  their petition for a writ of habeas corpus for lack of
14  jurisdiction.  Petitioners argue that Usmani's failure to exhaust
15  his administrative remedies should be excused because (1)
16  dismissing his petition would result in manifest injustice, (2)
17  the BIA lacks authority to provide him any relief, and (3)
18  exhaustion would have been futile.  We assume the parties'
19  familiarity with the facts and procedural history.

20  "'[H]abeas petitions that were pending before [the court of
21  appeals] on the effective date of the Real ID Act are properly
22  converted to petitions for review and retained by this court.'"
23  <u>Gittens v. Menifee</u>, 428 F.3d 382, 385 (2d Cir. 2005) (per curiam)
24  (quoting <u>Bonhometre v. Gonzales</u>, 414 F.3d 442, 446 (3d Cir.
25  2005)).  The district court dismissed Usmani's habeas petition on
26  January 20, 2005, and Usmani filed a timely notice of appeal on
27  February 11, 2005.  The REAL ID Act went into effect on May 11,
28  2005.  <u>See</u> REAL ID Act of 2005, Pub. L. No. 109-13, div. B, 119
29  Stat. 231, 302.  The petition was thus pending before this court
30  when the REAL ID Act went into effect and is properly converted
31  to a petition for review of the final agency determination.  The
32  final agency order with respect to Usmani is the immigration
33  judge's ("IJ") June 22, 1998, order finding him deportable and
34  granting him voluntary departure because Usmani never appealed
35  that decision. 8 C.F.R. § 1003.39.  It is this order that we
36  review.

37  An alien who is granted voluntary departure and fails to
38  depart within the time specified is ineligible for adjustment of
39  status for a period of ten years.  8 U.S.C. § 1229c(d).  Usmani
40  was granted voluntary departure and was required to leave the
41  United States by October 22, 1998.  He concedes that he failed to
42  do so.  Usmani thus may not apply for adjustment of status based
43  on his marriage to Powers until 2008.

44  Usmani contends that the ten-year bar does not apply to him
45  because the IJ's order failed to comply with the requirement that

2

1  "[t]he order permitting an alien to depart voluntarily shall
2  inform the alien of the penalties" for failure to depart in a
3  timely fashion, including the ten-year period of ineligibility
4  for adjustment of status.  8 U.S.C. § 1229c(d)(3).  While Usmani
5  does not specify the nature of the infirmity of the notice of
6  penalties the he received in his brief to this court, his
7  argument to the district court was that the notice came from the
8  immigration court, rather than from the IJ directly, and at oral
9  argument he further contended that the notice was not contained
10 in the order, as required by 8. U.S.C. § 1229c(d)(3).  We see no
11 requirement in the statute that the notice of penalties for
12 failure to depart come directly from the IJ.  Instead, the
13 voluntary departure order simply must inform the alien of those
14 penalties.  In Usmani's case, the IJ's order was accompanied by a
15 written notice of the penalties for failure to depart.  This form
16 provided Usmani with notice of the repercussions of his decision
17 to disregard his voluntary departure date and thus substantially
18 satisfied the requirements of § 1229c(d)(3).  That the notice of
19 penalties provided to Usmani was signed by the court clerk, as
20 the form contemplates, rather than by the IJ himself does not
21 render that notice any less valid.  Usmani is thus ineligible to
22 apply for adjustment of status until 2008.

23      For the reasons set forth above, the petition for habeas
24 corpus is converted to a petition for review and is **DENIED**.

25
26                    FOR THE COURT:
27                    Roseann B. MacKechnie, Clerk
28
29
30      By:
31                    Lucille Carr, Deputy Clerk

3